IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD-0876-13




DANA HANNA, Appellant

v.

THE STATE OF TEXAS



ON STATE’S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
LUBBOCK COUNTY



                      Keller, P.J., filed a dissenting opinion in which Keasler, J., joined.


            While appellant was driving while intoxicated, his car struck a utility pole. The pole was
broken in half, with power lines spread on the ground. I believe that those facts, by themselves, are
sufficient circumstantial evidence of causation (that the defendant’s crime of driving while
intoxicated caused the damage to the utility pole). As we stated in Kuciemba v. State, “Being
intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial
evidence that the actor’s intoxication caused the accident, and the inference of causation is even
stronger when the accident is a one-car collision with an inanimate object.”


 This statement, made
in connection with the sufficiency of the evidence to support a DWI conviction, in which the
applicable standard of proof at trial was “beyond a reasonable doubt,” should apply with even greater
force to the restitution inquiry, which involves the lesser standard of proof of “preponderance of the
evidence.”


 And although appellant claimed that his car struck the utility pole because he ran over
a water puddle, the trial judge did not have to credit that self-serving explanation.



            Further, the force with which appellant hit the utility pole—causing it to break in half—is
evidence that appellant failed to timely apply his brakes. The trial judge could rationally infer that
such a failure was due to appellant’s intoxication. 
            I agree with the Court’s analysis of Article 42.037, but I disagree with the way the Court has
applied it in this case. I therefore respectfully dissent. 
Filed: April 9, 2014
Publish